UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES A. FOGUTH, ALAN W. FOGUTH, | Case No. 25-10274 |
| Plaintiffs, | Matthew F. Leitman |
| v. | United States District Judge |
| DISCOVER BANK, | Curtis Ivy, Jr. |
| Defendants. | United States Magistrate Judge |
| _____/ | |

## ORDER REGARDING PLAINTIFFS' MOTIONS (ECF Nos. 17, 18, 19)

On February 14, 2025, the Court filed an Order that (1) denied an extension of time to respond to Defendant's pending motion, and (2) struck discovery requests Plaintiffs' filed on the docket. (ECF No. 10). On behalf of himself and his son, Plaintiff James A. Foguth has since filed (1) a response to the Court's Order which includes a request for additional time to respond to Defendant's pending motion to compel arbitration or, in the alternative, to dismiss, (ECF No. 17); (2) a motion for relief due to emotional distress and request for appointed counsel, (ECF No. 18); and (3) a request for the undersigned's recusal, (ECF No. 19). As far as Plaintiffs' response to this Court's Order seeks vacatur of that Order, the Court will treat his filing as a motion for reconsideration. Likewise, the Court will treat Plaintiffs' request for the undersigned's recusal as a motion. That said, the Court kindly reminds Plaintiffs that if they seek some form of relief from the

Court, those requests should be styled as a motion and comply with Local Rules 5.1 and 7.1.[1]

I.  <u>Plaintiffs' Motion for Reconsideration (ECF No. 17)</u>

Plaintiff primarily seeks vacatur of this Court's Order that struck Plaintiffs' discovery requests from the docket under Local Rule 26.2(a). Underscoring his right to conduct discovery, Plaintiff James A. Foguth cites a number of legal authorities including the Federal Rules of Civil Procedure, various provisions of the United States Constitution, and non-binding Michigan Court Rules. (ECF No. 17, PageID.332-33).

As Plaintiffs seek vacatur of an Order striking discovery requests, Local Rule 7.1(h)(2) controls this Court's analysis as Plaintiffs' request is for reconsideration on a non-final order. The Local Rule first states that "[m]otions for reconsideration of non-final orders are disfavored." E.D. Mich. LR 7.1(h)(2). The Rule permits reconsideration "*only* upon the following grounds":

(A)  The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;

(B)  An intervening change in controlling law warrants a different outcome;

---

[1] For Plaintiffs' convenience, the Court has linked the Local Rules here: United States District Court for the Eastern District of Michigan, https://perma.cc/84QX-HLKR (last visited Mar. 3, 2025).

2

    (C)    New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. 7.1(h)(2)(A)-(C). Considering Plaintiffs' claim that the Court made a mistake striking their discovery request and they ground that claim in several sources of law that have not changed since the Court's Order, Plaintiffs' request for reconsideration rests on Local Rule 7.1(h)(2)(A).

"[M]otions for reconsideration are not an opportunity to re-argue a case, present new arguments, or otherwise relitigate issues that the court previously considered." *Bowles v. Macomb Cmty. Coll.*, 2022 WL 1469515, at *1 (E.D. Mich. May 10, 2022); *see also Saltmarshall v. VHS Child. Hosp. of Michigan, Inc.*, 402 F. Supp. 3d 389, 393 (E.D. Mich. 2019). Under Local Rule 7.1(h)(2)(A), the movant must show that the Court made a mistake based on the record and law before it when it made the ruling. As Plaintiffs' do not make this showing, their motion for reconsideration is **DENIED**.

Notwithstanding the various legal authority Plaintiffs cite, the Court agrees with their broader argument that they have the right to conduct discovery. The issue was simply how Plaintiffs sought to do so. The Local Rules for the Eastern District of Michigan do not permit parties to file discovery requests with the Court; rather, discovery requests must be sent directly to the other party—not the Court. Local Rule 26.2, titled "Filing Discovery Material," reads as follows:

> (a)     A party or other person may not file discovery material specified in [Federal Rule of Civil Procedure] 5(d)(1) and certificates of service for such discovery material except:
>
> > (1)     when it provides factual support for a motion, response, or reply.  The party or other person relying on the material must file only the germane portion of it as an exhibit or attachment to the motion, response, reply.
> >
> > (2)     when it is read or otherwise used during a trial or other proceeding.  The party or other person relying on the material must file it at the conclusion of the trial or other proceeding in which it was used or at a later time that the court permits.
> >
> > (3)     on order of the court.
> >
> > (4)     if discovery material not previously filed is needed for an appeal, the party or other person with custody of the discovery material must file it either by stipulation or court order.

E.D. Mich. LR. 26.2(a)(1)-(3).  Federal Rule of Civil Procedure 5(d)(1)(A) also states that "the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission."

       Thus, under the Federal Rules of Civil Procedure and this Court's Local Rules, parties cannot file discovery requests for depositions, interrogatories, requests for documents, or requests for admission unless one of the above exceptions apply.  The filing the Court struck included discovery requests for a deposition, production of documents and information, and an admission.  (ECF

4

No. 8). Unless an exception applies, these types of discovery requests cannot be filed with the Court.

No such exception applied at the time the Court struck Plaintiffs' discovery requests. The requests were not connected to a pending motion, response, or reply. Though Plaintiffs' motion for remand is pending along with Defendant's motion to compel arbitration or, in the alternative, to dismiss, the discovery requests did not refer to those motions. No trial or proceeding had occurred at the time of the Court's decision, so the second exception did not apply. The Court had not ordered any discovery to be filed, and there is no appeal in this case. As none of the exceptions applied, the Court was required to strike the discovery requests under the Federal Rules of Civil Procedure and the Local Rules of this Court.

Removing improperly filed discovery requests from the docket is routine in this Court. *See Kuerbitz v. Bouchard*, No. 2:24-CV-10774, 2024 WL 4279508, at *1 (E.D. Mich. Sept. 24, 2024) ("[T]he Eastern District of Michigan Local Rules state that a party may not file discovery material specified in Fed. R. Civ. P. 5(d)(1) . . . .") (internal quotation omitted); *Olivares v. Performance Contracting Grp.*, No. 22-10574, 2022 WL 18860465, at *3 (E.D. Mich. May 27, 2022) (striking discovery requests riled with the Court because "the discovery request violates Local Rule 26.2(a) . . . ."); *Bills v. Klee*, No. 15-11414, 2021 WL 12224088, at *1 (E.D. Mich. June 21, 2021) ("The Eastern District of Michigan Local Rules

5

provide that the filings of discovery requests—like the one Bills filed—is prohibited. E.D. Mich. LR 26.2(a)."); *Robinson v. Saad*, No. 4:19-cv-10584, 2020 WL 1285784, at *1 (E.D. Mich. Mar. 18, 2020) ("[A]s the filing of such discovery materials with the Court is improper pursuant to Fed. R. Civ. P. 5(d) and E.D. Mich. LR 26.2 . . . any further attempts to file similar discovery requests will be **STRICKEN** from the Court's docket."); *Jackson v. Amarante*, No. 12-CV-10645, 2012 WL 5493589, at *3 (E.D. Mich. Nov. 13, 2012) ("Plaintiff's Motion for Discovery of Documents appears to be a discovery request filed with the Court in an attempt to produce the documents from Defendants . . . . Such a filing is improper under E.D. Mich. LR 26.2 and Fed. R. Civ. P. 5(d)(1).").

The Court's decision to strike the discovery request Plaintiffs filed was grounded in the Local Rules of this Court as well as the Federal Rules of Civil Procedure—not any sort of bias towards Plaintiffs. Plaintiffs may request discovery, but they must do so in accordance with Local Rules and the Federal Rules of Civil Procedure and at the appropriate time. Any such discovery requests must be submitted directly to Defendant. That is, Plaintiffs can send the same discovery requests to Defendant when the time to do so is proper.

Since the Court did not make a mistake based on the record or the law as it existed at the time of the Court's Order, Plaintiffs' motion for reconsideration is **DENIED**.

6

Among the other forms of relief Plaintiffs' request, they ask for more time to respond to Defendant's pending motion to compel arbitration or, in the alternative, to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 5). Plaintiffs contend that they need more time to review discovery and conduct a deposition; accordingly, they ask for ten extra days to prepare a response. Essentially, Plaintiffs wish to conduct discovery before responding to Defendant's motion.

Any attempt to conduct discovery at this time is premature. Under Federal Rule of Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Defendant here has a pending motion to compel arbitration or dismiss, "it does not appear the parties have held a Rule 26(f) conference, and the Court has not issued a Scheduling Order." *Olivares v. Performance Contracting Grp.*, No. 22-10574, 2022 WL 18860465, at *3 (E.D. Mich. May 27, 2022) (deeming discovery premature under similar circumstances). Furthermore, "a plaintiff is generally not entitled to discovery before a motion to dismiss has been decided, and allowing such discovery undermines the purpose of Federal Rule of Civil Procedure 12(b)(6), which is 'to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to

7

discovery.'" *Greve v. Bass*, No. 3:16-CV-372, 2017 WL 387203, at *2 (M.D. Tenn. Jan. 27, 2017) (quoting *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003)).

Though the litigation between these parties began in state court, the litigation in *this* Court is still in its infancy. Plaintiffs have questioned whether removal from state to federal court was proper, and Defendant has a pending dispositive motion. To allow Plaintiff more time to respond to Defendant's motion to conduct discovery—which includes a 12(b)(6) motion to dismiss—would be improper now. As the Court understands it, to respond to Defendant's pending motion, Plaintiffs need only to address Defendant's legal arguments on (1) whether the Court should compel arbitration, or (2) whether the complaint pleads sufficient factual allegations to state a plausible claim for relief. Plaintiffs should be able to address these issues based on Defendant's arguments and related legal research rather than fact discovery.

That said, Plaintiff James A. Foguth has indicated that he suffers from bi-polar disorder that is so severe it makes it difficult to litigate this case.[2] Given his condition, it must have taken considerable effort to submit several filings related to

---

[2] The Court does not doubt whether Plaintiff James A. Foguth suffers from bi-polar disorder as stated. That said, Plaintiffs have not filed documents substantiating this diagnosis or its severity. Should Plaintiffs submit another for more time to respond to Defendant's motion, such documentation would help the Court.

8

this discovery issue and to continue preparing an adequate response to Defendant's pending motion. Plaintiffs only ask for ten more days to respond to Defendant's motion, but this request relates to conducting discovery which, as mentioned, is premature now. So that Plaintiffs may have enough time to respond to Defendant's motion without further exacerbating any medical condition, the Court will give Plaintiffs another fourteen days to respond to Defendant's motion. Plaintiff's response is now due on **March 24, 2025**; Defendant's reply brief will now be due **April 7, 2025**. So while Plaintiffs' motion for reconsideration is **DENIED**, their motion for an extension of time is **GRANTED**.

II.     Plaintiffs' Motion for Relief and Appointed Counsel (ECF No. 18)

Plaintiffs have also filed a "motion for relief due to emotional distress and request for court-appointed legal representation." (ECF No. 18). Plaintiffs argue that the Court's Order striking their discovery requests has caused severe emotional distress especially as they perceive that Order to have been improper. Based on their motion, Plaintiffs request that the Court grant them relief as a result of the emotional harm they have suffered; they request that the relief come in the form of a court-appointed lawyer under 28 U.S.C. § 1915(e)(1). (*Id.* at PageID.335-36).

As stated, there was nothing improper in striking Plaintiffs' discovery request from the docket under this Court's Local Rules and the Rules of Federal Procedure. *See supra* Part I. That said, the Court recognizes that the denial of

9

requested relief can be anxiety-inducing. But that would be the case for any litigant before the Court. The fact Plaintiffs have experienced the same does not warrant relief in the form of appointed counsel.

      First, Plaintiffs cite the Supreme Court's decision in *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) for the proposition that "[c]ourts have recognized that judicial bias and improper rulings can give rise to claims of emotional distress. (*Id.* at PageID.335). While *Caperton* does state that "[a] fair trial in a fair tribunal is a basic requirement of due process," it makes no mention of providing relief when the lack of such fairness inflicts emotional distress. *Caperton*, 556 U.S. at 876 (internal quotation omitted). Second, even if *Caperton* did support Plaintiffs' position, Plaintiffs have not included with their filing any documents that corroborate whether (1) they suffered severe emotional distress, and (2) that the Court's Order caused that distress. Plaintiffs believe that the Court has not treated them fairly because it struck their discovery requests from the record. (*Id.* at PageID.336 (citing *Goldberg v. Kelly*, 397 U.S. 254 (1970)). But as discussed, such action was required under the Local Rules and the Federal Rules of Civil Procedure.

      Lastly, even if Plaintiffs cited proper legal authority that permitted relief for any supposed emotional distress caused by this Court's Order, such relief would not come in the form of a court-appointed attorney under 28 U.S.C. § 1915(e)(1).

10

That statute governs proceedings *in forma pauperis*. Though there is no constitutional right to the appointment of counsel in civil cases, *see Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25-27 (1981), Subsection (e)(1) states that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Courts will do so only where exceptional circumstances exist or in certain cases only after the resolution of a dispositive motion. *See Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) ("It [appointed counsel] is a privilege that is justified only by exceptional circumstances."). When assessing whether exceptional circumstances exist, courts consider the type of case involved, Plaintiff's ability to represent himself, the complexity of the case, and whether the claims presented in the complaint are frivolous or have little likelihood of success. *See Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992); *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

That said, the Court can only appoint counsel in exceptional circumstances when the movant litigates *in forma pauperis*. *See Price v. Stephenson*, 2018 WL 992218, at *5 (E.D. Mich. Feb. 21, 2018) ("Proceedings in forma pauperis are governed by 28 U.S.C. § 1915, which provides that [t]he court *may* request an attorney to represent any person unable to afford counsel.") (internal quotation and citation omitted); *Denison v. Mici*, 581 F. Supp. 3d 330, 333 (D. Mass. 2022) (assessing whether exceptional circumstances exist to appoint counsel in a civil

11

case because plaintiff has been granted leave to proceed *in forma pauperis*). There is nothing in the record since this case was removed to this Court indicating that Plaintiffs are litigating this case *in forma pauperis*. Plaintiffs request court-appointed counsel because of emotional distress alleged to have been caused by this Court's Order, not because they are "unable to afford counsel." 28 U.S.C. § 1915(e)(1). Accordingly, Plaintiffs' request for appointed counsel is **DENIED WITHOUT PREJUDICE**.

As Plaintiffs are pro se litigants, they may benefit from other sources of legal assistance. The Court suggests that consulting with the Detroit Mercy Law Pro Se Clinic could be useful. The Clinic is in Room 1044 of the Theodore Levin United States Courthouse and is open on Mondays, Wednesdays, and Fridays from 1:00-5:00 P.M. Plaintiffs can make an appointment to meet with the Clinic by going to Room 1044 during office hours, calling (313)-234-2690, or emailing the Clinic at proseclinic@udmercy.edu.

III. Plaintiffs' Motion for the Undersigned's Recusal (ECF No. 19)

Finally, the Court addresses Plaintiffs' motion for the undersigned's recusal. (ECF No. 19). As an initial matter, it is unclear whether Plaintiffs base this motion only on the part of the Order that struck their discovery request or if it also includes the denial as to the request for an extension of time. At any rate, because they believe the Court's Orders were improper, they maintain that the undersigned

acted with prejudicial bias against Plaintiffs and questions the undersigned's impartiality. (ECF No. 19, PageID.339). Plaintiffs offer several bases that they argue shows the undersigned's purported bias against them. First, they argue that the Court omitted a material fact related to the origins of this case. (*Id.* at PageID337). Second, they contend that the Court's Order amounted to a denial of a disability accommodation. (*Id.* at PageID.338). Next, they reiterate arguments that the Court's Order was unfair and contravened due process principles. (*Id.*). Lastly, Plaintiffs allege that the Court's Order suggests the undersigned's intentional prejudice against the mentally ill or handicapped. (*Id.*) Each of these bases is ultimately grounded in the Court's Order.

Plaintiff first moves for recusal under 28 U.S.C. § 144. (*Id.* at PageID.339). Under this statute, a party may "seek recusal of a judge due to a personal bias or prejudice by filing an affidavit and certificate of good faith."[3] *Melchor v. United*

---

[3] In its entirety the statute states that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file one such affidavit in any case. It shall be accompanied by a certificate of counsel of record that it is made in good faith.

*States*, No. 16-1160, 2016 WL 9447162, at *2 (6th Cir. Sept. 23, 2016). An affidavit filed under § 144 must "allege facts which a reasonable person would believe would indicate a judge has a personal bias against the moving party." *Gen. Aviation, Inc. v. Cessna Aircraft, Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990).

Plaintiff also cites to 28 U.S.C. § 455(a) in moving for the undersigned's recusal. That provision provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The provision requires a judge to sua sponte recuse himself if the judge knows of facts that would undermine the appearance of impartiality. *Weatherspoon v. J. Thibault*, No. 2:14-cv-108, 2017 WL 1487685, at *1 (W.D. Mich. Apr. 26, 2017) (citing *Youn v. Track, Inc.*, 324 F.3d 409, 422-23 (6th Cir. 2003) and *Liteky v. United States*, 510 U.S. 540, 547-48 (1994)). Rather than a subjective determination of bias, the statute "imposes an objective standard: a judge must disqualify himself where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016) (citing *United States v. Adams*, 772 F.3d 788, 837 (6th Cir. 2013) (internal quotation omitted)).

Judicial bias must ordinarily be predicated on "a personal bias as distinguished from a judicial one, arising out of the judge's background and

---

28 U.S.C. § 144.

14

association and not from the judge's view of the law." *Id*.  As observed by the Supreme Court in *Liteky*, "rulings alone almost never constitute a valid basis for a bias or partiality motion."  510 U.S. at 544 (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)).  For a judge's rulings to provide grounds for recusal, they must demonstrate bias so pervasive that they display a favorable or unfavorable predisposition arising from "facts adduced or the events occurring at trial," which is so extreme that it appears to render the judge unable to make a fair judgment.  *Id.*

As it relates to Plaintiffs' arguments on § 144, they have not satisfied the statutory requirements necessary to justify recusal under that statute.  For starters, though Plaintiff James A. Foguth signed his filing on behalf of himself and his son, he did not file an affidavit.  An affidavit is "[a] voluntary declaration of facts written down and sworn to by a declarant, usu[ally] before an officer authorized to administer oaths."  *See* Affidavit, Black's Law Dictionary (12th ed. 2024); *LeVay v. Morken*, 590 F. Supp. 3d 1037, 1042 (E.D. Mich. 2022) (citing to a similar definition of affidavit in the context of recusal under § 144).  Plaintiffs' motion for recusal did not include a signed, notarized statement.  *See LeVay*, 590 F. Supp. 3d at 1042 (identifying notarization as "a well-established criterion for the legal sufficiency of an affidavit.").  Nor did Plaintiffs include a certificate of good faith as required under the express language of § 144.

15

These omissions are dispositive because "[t]he requirements of § 144 are strictly construed to prevent abuse because the statute is so heavily weighted in favor of recusal." *Scott v. Metropolitan Health Corp.*, 234 F. App'x 341, 353 (6th Cir. 2007). Because Plaintiffs did not satisfy § 144 procedural requirements, they cannot obtain the recusal they seek under that provision. *See United States v. Sammons*, 918 F.2d 592, 598 (6th Cir. 1990) (denying motion to recuse under § 144 because movant did not file an affidavit as required); *Easley v. Univ. of Michigan Bd. of Regents*, 853 F.2d 1351, 1357 (6th Cir. 1988) (same). *See also Hirschkop v. Virginia State Bar Ass'n*, 406 F. Supp. 721, 724 (E.D. Va. 1975) (finding that pro se litigants must satisfy § 144's procedural requirements); *LeVay*, 590 F. Supp. 3d at 1042 (applying at least the affidavit requirement to *pro se* litigants).

Nor are the substantive bases for Plaintiffs' motion sufficient to warrant recusal under either § 144 or § 455. Plaintiffs' allegations of prejudicial bias arise from this Court's Orders. As mentioned above, the Supreme Court has observed that "rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 544 (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). To that end, the Sixth Circuit has explained that "[a] party cannot establish bias simply because it is unhappy with a [ ] a judge's rulings." *Taylor Acquisitions, LLC v. City of Taylor*, 313 F. App'x 826, 838 (6th Cir. 2009)

16

(citing *Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2001)). Viewed objectively, Plaintiffs have not set forth facts demonstrating a pervasive bias arising from facts adduced during proceedings here that is so extreme as to render the undersigned magistrate judge unable to act impartially.

Plaintiffs' first contention is that the Court's failure to recognize that the state court litigation began in small claims court constitutes an omission of a material fact. They suggest that the Court's Order violated Canon 3(A)(4) of the Code of Conduct for United States Judges as well as Federal Rule of Civil Procedure 60(b)(3). (ECF No. 19, PageID.337-38). While the origins of the litigation may be important to an accurate retelling of this case's history, the origins have no bearing on seeking an extension of time to respond to Defendant's motion. Additionally, where this litigation began does not change the fact that this Court's Local Rules and the Federal Rules of Civil Procedure required the Court to strike Plaintiffs' discovery requests. Lastly, Federal Rule of Civil Procedure 60 deals with final judgments. Neither the Court's Order denying an extension of time (but permitting Plaintiffs to file another motion for more time at a later date) nor the Court's Order striking the discovery request amounted to a final order. Thus, Rule 60 is inapplicable here.

Nor does the Court's Order effect a denial of any sort of disability accommodation. Though Plaintiff James A. Foguth disclosed he is bi-polar, he

17

also conveyed that he had drafted a response to Defendant's pending motion and was consulting with an attorney a little less than a month before the due date for his response. (ECF No. 7). Given these circumstances, the Court denied their request for an extension. (ECF No. 10). But the Court also stated that "if more time is needed as the due date draws closer, Plaintiff can resubmit his motion for more time." (*Id.* at PageID.266). The Court did not foreclose the extension of more time to respond to Defendant's motion; rather, it just denied that request. As it relates to striking Plaintiffs' discovery request, the Court's Order doing so did not mention Plaintiff James A. Foguth's medical condition. And as stated in this Order, Plaintiffs are not barred from conducting discovery—they just must do so in the proper manner and at the proper time.

Plaintiffs' also point to the Order striking discovery as evidence of bias. But as explained, that action was required under this Court's Local Rules. When it is time for the parties to exchange discovery, Plaintiffs can send the same requests directly to Defendant; they just cannot file them with the Court. Finally, Plaintiffs suggest that the Court's Order implicates discrimination against mentally ill or handicapped persons. The Court's Order did no such thing. The Court permitted Plaintiffs to submit another motion for more time to respond closer to the due date, and the Order striking discovery did not close the door to discovery as Plaintiffs seem to suggest.

18

To reiterate, the Court's Orders in and of themselves "almost never constitute a valid basis for a bias or impartiality motion." *Liteky*, 510 U.S. at 544. Plaintiffs' motion is no exception. Plaintiffs have not suggested facts that would lead a reasonable person with knowledge of all the facts to question the undersigned's impartiality. The Court therefore concludes that Plaintiffs' allegations lack support and recusal is neither necessary nor appropriate. Accordingly, Plaintiffs' motion is **DENIED**.

IV. Conclusion

For the above-stated reasons, Plaintiffs' motion for reconsideration, (ECF No. 17), is **DENIED**. Even so, their motion for additional time to respond to Defendant's motion is **GRANTED**. Their motion for relief in the form of appointed counsel, (ECF No. 18), is **DENIED WITHOUT PREJUDICE**. Finally, Plaintiffs' motion for the undersigned's recusal, (ECF No. 19), is **DENIED**.

**IT IS SO ORDERED.**

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to

a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: March 4, 2025                     s/Curtis Ivy, Jr.
                                        Curtis Ivy, Jr.
                                        United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on March 4, 2025.

                                        s/Sara Krause
                                        Case Manager
                                        (810) 341-7850