UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES A. FOGUTH, ALAN W. FOGUTH, | Case No. 25-10274 |
| Plaintiffs, | Matthew F. Leitman |
| v. | United States District Judge |
| DISCOVER BANK, | Curtis Ivy, Jr. |
| Defendant. | United States Magistrate Judge |
| _____/ | |

## ORDER REGARDING RECENT FILINGS

Before the Court are several filings from Plaintiff James Foguth that must be addressed.

A.  Amended Complaints Filed on and after March 12, 2025

Plaintiff's response to Defendant's motion to compel arbitration or to dismiss is due March 24, 2025.  On March 12, 2025, Plaintiff filed what he called an amended complaint that he said serves as his response to the motion to compel arbitration and to dismiss.  (ECF No. 24).  Two days later, he filed "additional claims" to the amended complaint (ECF No. 26) and an amendment to the complaint to invalidate an arbitration agreement (ECF No. 27).  Then on March 19, 2025, Plaintiff filed another amendment to the complaint (ECF No. 29) and another amended complaint (ECF No. 31).  He also filed a motion for injunctive relief that

is addressed in a separate report and recommendation and a reply brief (ECF Nos. 28, 30).  Plaintiff has not filed a response to Defendant's motion.

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend their pleading *once* as a matter of course within 21 days of service of a motion to dismiss.  Defendant filed and mailed its motion to Plaintiff on February 6, 2025. (ECF No. 5).  On February 11, 2025, Plaintiff requested an extension of time to respond to the motion.  (ECF No. 7).  The Court will assume Plaintiff was served with Defendant's motion on February 11, 2025.  Twenty-one days from February 11, 2025, is March 4, 2025.  So the time to file an amended complaint as of course expired on March 4, 2025.  Plaintiff did not seek an extension of time to amend the complaint.  This means that none of the amended complaints filed on and after March 12, 2025, are timely.  Those amendments (ECF Nos. 24, 26, 27, 29, 30, 31) are **STRICKEN**.

Moreover, many of those filings are improper.  The March 12, 2025, "amended complaint" does not comply with Fed. R. Civ. P. 10(a) because it does not have a caption listing all the parties in the amended pleading.  The document also violates Rule 11(a) which requires every pleading, including an amended complaint, to be signed personally by unrepresented plaintiffs.  This "amended complaint" is unsigned.  Additionally, in the middle of the document are "Reasons to Deny Arbitration." (ECF No. 24, pageID.374-75).  It is unclear if this section is

2

intended as a response to Defendant's motion or as part of the "amended complaint" allegations.  It is not the Defendant's or the Court's responsibility to comb through Plaintiff's numerous filings to find pieces of what might be a response to Defendant's motion.

The amendments to a complaint (ECF Nos. 26, 27, 29) are essentially supplements to either the original or the "amended complaint" at ECF No. 24.  Fed. R. Civ. P. 15(d) allows parties to supplement their pleadings with events that happened after the original pleading was filed, *but only on motion*.  Plaintiff did not seek leave to supplement a pleading.

Persons representing themselves in this Court are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of this District and to adhere to them in every filing.  *West v. Saginaw Twp. Police Dep't*, 2014 WL 3599495, at *2 (E.D. Mich. July 22, 2014) (a *pro se* plaintiff is "not excused from failing to follow the Federal Rules of Civil Procedure"); *Fields v. Cnty. of Lapeer*, 2000 WL 1720727 (6th Cir. 2000) ("It is incumbent on litigants, even those proceeding *pro se*, to follow . . . rules of procedure.").

Plaintiff's response to the motion to compel arbitration or to dismiss is due March 24, 2025.  Because the time to amend the complaint as of right has passed, Plaintiff would either need Defendant's consent to amend his complaint or he will

3

need to file a motion to amend that complies with both the Federal Rules of Civil Procedure and the Local Rules.

B.      Vexatious Litigation Warning

The Court takes this opportunity to warn Plaintiff James Foguth that his prolific filing of documents, amendments, and "requests" is coming dangerously close to abusive and vexatious litigation.  In the less-than-two-months since the complaint was removed to this Court, he has filed many documents that have been stricken as inappropriately filed, numerous responses to the Court striking those documents, numerous purported amended complaints, and other documents unconnected to a request for relief.[1]  Plaintiff's filings are beginning to impede the efficient adjudication and administration of this lawsuit.  Plaintiff can file any legitimate motion or objections presented to the Court in good faith and in conformity with the Federal Rules of Civil Procedure.

Plaintiff is warned that continued baseless and abusive filings will not be tolerated and may subject him to sanctions, up to and including dismissal of this action.  Courts have the inherent authority to control proceedings before them and

---

[1]     It is noteworthy that Plaintiff James Foguth asked for an extension of time to respond to Defendant's motion because his doctor told him he could not engage in any litigation activity for 60 days (ECF No. 21).  Yet in less than two weeks since asking for that extension, he filed eight documents.  His behavior calls into to question the veracity of his support for seeking an additional 60 days.

to take any and all necessary and appropriate steps to manage its docket, including sanctions. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).

**IT IS SO ORDERED.**

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: March 20, 2025                    s/Curtis Ivy, Jr.
                                        Curtis Ivy, Jr.
                                        United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on March 20, 2025.

                                        s/Sara Krause
                                        Case Manager
                                        (810) 341-7850