UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES A. FOGUTH AND
ALAN W. FOGUTH,

       Plaintiffs,                    Case No. 25-cv-10274
                                        Hon. Matthew F. Leitman
v.

DISCOVER BANK,

       Defendant.
_____/

**<ins>ORDER (1) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF No. 33), (2) DISMISSING PLAINTIFF ALAN W. FOGUTH, (3) TERMINATING ALL PENDING MOTIONS AS MOOT IN LIGHT OF PLAINTIFF JAMES FOGUTH'S NOTICE OF VOLUNTARY DISMISSAL (ECF No. 34); AND (4) ADDRESSING NOTICES OF ALLEGED JUDICIAL MISCONDUCT (ECF Nos. 35, 36)</ins>**

      In this action, father and son Plaintiffs James A. Foguth and Alan W. Foguth bring claims against Defendant Discover Bank arising out of the alleged misuse of their personal information. (*See* Compl., ECF No. 1-2.) The Foguths are prosecuting their action *pro se*, and all of the documents and other filings have been signed by James Foguth. None of the documents bear Alan's signature. On March 7, 2025, the assigned Magistrate Judge issued an order in which he (1) explained that because "a nonattorney cannot represent another person in court," James could not represent Alan in this case and (2) directed Alan to inform the Court whether he intended to "litigate his own case going forward." (Order, ECF No. 22, PageID.361-363.) Alan

1

never responded to the Magistrate Judge's order. Accordingly, on March 20, 2025, the Magistrate Judge issued a report and recommendation in which he recommended that the Court dismiss Alan W. Foguth as a Plaintiff in this case (the "R&R").[1] (*See* R&R, ECF No. 33.)

Neither Alan nor James Foguth have filed any objections to the Magistrate Judge's recommendation. Nor has Alan responded to the Magistrate Judge's March 7 order or taken any other steps to show that he is prosecuting this case on his own behalf. The failure to object to an R&R releases the Court from its duty to independently review the matter. *See Thomas v. Arn,* 474 U.S. 140, 149 (1985). *See also Ivey v. Wilson*, 832 F.2d 950, (6th Cir. 1987) (explaining that where party fails to file "timely objections" to report and recommendation, court may accept that recommendation "without expressing any view on the merits of the magistrate's conclusions"). In addition, the failure to file objections to an R&R waives any further right to appeal. *See Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

---

[1] The Magistrate Judge also recommended in the R&R that the Court deny a motion that the Foguths had filed in which they asked the Court to stop Discover Bank from merging with Capital One. (*See* R&R, ECF No. 33, PageID.406-409.) For the reasons explained above, the Court will terminate that motion as moot in light of James A. Foguth's decision to voluntarily dismiss his claims in this action.

Thus, based on Alan Foguth's failure to respond to the R&R and to the Magistrate Judge's March 7 order, the Court will **ADOPT** the recommended disposition of the R&R and **DISMISS** Alan as a Plaintiff in this action.

The Court next turns to James Foguth's March 31, 2025, notice of voluntarily dismissal. (*See* Notice, ECF No. 34.)  In that notice, James Foguth voluntarily dismissed his claims against Discover Bank without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (*See id.*)  Based on that dismissal, the Court will both **TERMINATE** all pending motions in this case without prejudice as moot (including Discover Bank's motion to compel Arbitration (ECF No. 5) and James Foguth's motions to remand, for jury trial, and for a temporary injunction to halt Discover Bank's merger with Capital One (ECF Nos. 3, 15, 28)) and close this case.

Finally, the Court addresses two duplicate notices that James Foguth filed on April 16 and April 25, 2025. (*See* Notices, ECF Nos. 35, 36.)  In the notices, Foguth attacks the conduct and rulings of the Magistrate Judge.  The Court has carefully reviewed the notices. The Court is not persuaded that the Magistrate Judge committed any misconduct or conducted himself with any bias at all.  Because nothing in the notices calls into question the propriety of the Magistrate Judge's rulings or recommendations, no action is warranted in response to the notices.

**IT IS SO ORDERED**.

Dated:  April 28, 2025

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 28, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126